```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

RONALD DAVID BROWN,

                Plaintiff,        **DECISION AND ORDER**
                                                **No. 6:14-cv-06732-MAT**

   -vs-

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                Defendant.

## I. Background

Represented by counsel, Ronald David Brown ("Plaintiff") commenced this action pursuant to Title II of the Social Security Act, seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") denying his application for Disability Insurance Benefits ("DIB"). On November 20, 2015, the Court found that the Commissioner's determination was erroneous as a matter of law and was not supported by substantial evidence. Accordingly, the Court reversed the Commissioner's decision and remanded the matter for calculation and payment of benefits.

On January 15, 2016, the Court issued an Order granting Plaintiff's request for attorney's fees in the amount $6,500.00 under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

Plaintiff has now moved for an award of attorney's fee pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). The Commissioner filed a response indicating that she has no objections to Plaintiff's request for attorney's fees pursuant to Section 406(b)

but requests that the Court conduct an independent reasonableness review, as required by law.

For the reasons discussed below, the Section 406(b) Motion is granted.

**II. Applicable Legal Principles**

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

"Within the 25 percent boundary" set by Section 406(b), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (citation omitted). Section 406(b) also "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. (footnotes omitted). Thus, it is the district court's responsibility to determine whether the requested fees are unreasonable, as required by Social Security Act and Gisbrecht.

After ascertaining that a given contingent fee agreement is within the 25 percent statutory boundary, courts have considered

-2-

the following factors in determining whether the resulting fee is reasonable: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. Joslyn v. Barnhart, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht, 535 U.S. at 808).

**III. Discussion**

On December 8, 2010, Howard D. Olinski, Esq. ("Counsel") and Plaintiff entered into an Attorney-Client Fee Agreement (Doc. 18-2) pursuant to which Plaintiff agreed that if he did receive benefits, Counsel would charge and receive as the fee an amount equal to twenty-five percent of the past due benefits awarded to Plaintiff. Therefore, the contingent fee agreement at issue does not exceed the 25 percent boundary set by Section 406(b).

Counsel indicates that he has not received a Notice of Awards from the Commissioner as required, although he did receive an Important Information letter (Doc. 18-3) informing him that the Commissioner has withheld $13,334.25 from Plaintiff's past due benefits. Counsel has requested $13,334.25 for 41.15 hours of representation in Plaintiff's appeal to this Court. (Doc. 17-4).

Counsel indicates that, should the Court award a Section 406(b) fee in excess of the EAJA award of $6,500, Counsel will refund to Plaintiff that amount ($6,500.00).

With regard to the first Gisbrecht factor, the Court finds that the requested fee is in line with the "character of the representation and the results the representation achieved." Here, Counsel's effective briefing secured a reversal and remand for payment of benefits—the best result possible for Plaintiff. This factor accordingly weighs in favor of finding reasonableness.

Turning to the second factor, Counsel did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and thus the potential fee award. The second factor also weighs in favor of finding reasonableness.

Finally, with regard to whether the requested fee represents a "windfall," the Supreme Court has not provided clear guidance on assessing this factor, but has suggested that conducting what is essentially a lodestar analysis may be helpful. See Gisbrecht, 535 U.S. at 808 (suggesting that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement"). Based on the itemized statement submitted (Doc. 18-4), Counsel spent a total of 41.15 hours representing Plaintiff in this Court.

Dividing the Section 406(b)(1) fee requested ($13,334.25) by the total hours (41.15) yields an effective hourly rate of $324.04.

A contingent fee outside of the Social Security context typically represents the past and future value of the case. Here, however, the statute provides that attorney's fees are based solely on past-due benefits. See 42 U.S.C. § 406(b)(1). The value of this case to Plaintiff is greater than the amount of past due benefits received, since Plaintiff will receive not only the past due benefits owing, but also ongoing benefits until he dies, reaches retirement age, or is no longer disabled. In addition, the value of health care benefits attendant to Title II benefits is not included in the computation of the fee under Section 406(b)(1). The Court agrees that the value of this case to Plaintiff is considerably greater than past-due benefits received. Furthermore, Plaintiff's case involved a substantial risk of loss to Counsel, the benefits claim having been denied at multiple levels of agency review before the initiation of this civil action. The Court also considers the deference owed to lawful attorney-client fee agreements, Gisbrecht, 535 U.S. at 793, and the interest in assuring that attorneys continue to represent clients such as Plaintiff, id. at 805. All of these factors counsel a finding that the fee requested is reasonable, and the Commissioner does not disagree.

**IV. Conclusion**

For the reasons set forth above, the Court grants the Section 406(b)(1) Motion (Doc. 18) in its entirety and awards attorney's fees in the amount of $13,334.25. The Court directs the Commissioner to release the funds withheld from Plaintiff's award. Upon receipt of the fee award, Plaintiff's Counsel shall refund the $6,500.00 in EAJA fees to Plaintiff.

**SO ORDERED.**

                                        S/Michael A. Telesca

                                        HONORABLE MICHAEL A. TELESCA
                                        United States District Judge

DATED:    March 16, 2018
             Rochester, New York